**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ROBERT DECKER, # 51719-074,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18-cv-1531-NJR** |
| | ) | |
| **WARDEN, FCI-TERRE HAUTE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Respondent's Motion to Dismiss Habeas Petition as Moot (Doc. 44). Petitioner Robert Decker brought this habeas action pursuant to 28 U.S.C. § 2241, challenging the loss of 57 days good conduct credits imposed as the result of a prison disciplinary charge.

In the motion, Respondent reports that the Bureau of Prisons voluntarily remanded the incident report that led to Decker's punishment for a rehearing. (Doc. 44, p. 2; Doc. 44-1, p. 2). As a result of the remand, the incident report no longer appears on Decker's disciplinary record, and the 57 days of good conduct credits were restored to Decker on March 1, 2019. *Id.*

Decker has filed a response opposing the motion (Docs. 48, 51).[1] Additionally, Decker filed a Motion for Judgment on the Pleadings (Doc. 54) and a letter that is construed as a motion for status (Doc. 55).

### BACKGROUND

Decker, who is serving a 140-month sentence, filed this action in the Southern District of

---

[1] Decker filed the identical "Objection To Motion to Dismiss" twice, at Doc. 48 and Doc. 51.

1

Indiana on January 24, 2018, while he was incarcerated in the USP-Terre Haute. On June 11, 2018, Decker filed a Second Amended Petition (Doc. 28), specifying that he was challenging the loss of good conduct time as a result of Incident Report Number 2940591.

On August 23, 2018, the case was transferred to this District after Decker was moved to the USP-Marion. (Doc. 32). On February 6, 2019 (Doc. 42), this Court granted Decker's motion for leave to file his Third Amended Petition (Doc. 43), which is the operative pleading in this matter. On April 1, 2019, Decker notified the Court that he had been transferred back to the USP-Terre Haute. In anticipation of this transfer, Respondent waived any objection to venue and personal jurisdiction. (Doc. 44, p. 2).

Decker's Petition seeks restoration of 57 days of lost good conduct time that resulted from Incident Report 2940591, issued on January 17, 2017, for his alleged "use of the mail for an illegal purpose" and "threatening another." (Doc. 43, p. 2). Decker was notified that his letter which prompted the incident report was mailed on January 1, 2017, but he was never given a copy of that letter. *Id.* At the disciplinary hearing, however, Decker was found guilty based on a letter mailed on January 15, 2017, not January 1. (Doc. 43, pp. 4-5). He argues that he was denied due process by the failure to notify him of the basis for the charge so that he could prepare a defense. Further, he was denied the assistance of a staff representative, and was not permitted to review the evidence from his monitored phone calls, which was considered by the hearing officer (without notice to Decker) in rendering his decision. (Doc. 43, pp. 3-5). Finally, he claims that he was punished twice for the same offense. (Doc. 43, pp. 6-7).

## ANALYSIS

"The inability to review moot cases stems from the requirement of Article III of the Constitution which limits the exercise of judicial power to live cases or controversies." *A.M. v.*

*Butler*, 360 F.3d 787, 790 (7th Cir. 2004). The Seventh Circuit directs a federal court to "dismiss a case as moot when it cannot give the petitioner any effective relief." *Ibid.* In situations like Decker's, where the administrative remedy process has resulted in rescission of the disciplinary action and a rehearing has been ordered but has not yet taken place, courts have found that habeas petitions based on irregularities in the original hearing are moot or premature, and subject to dismissal. *See, e.g.*, *Craft v. Jones*, 473 F. App'x 843, 845-46 (10th Cir. 2012) (claims arising from disciplinary action became moot when sanctions were set aside and a rehearing was ordered); *Martinez v. Fisher*, No. 13-CV-1150, 2015 WL 3756150, at *3 (D. Minn. June 11, 2015) (collecting cases); *Louis v. Carlson,* No. 14-cv-3126, 2014 WL 5091720, at *2 (E.D.N.Y. Oct. 9, 2014) (denying petition as moot where rehearing process was underway); *Nasheed v. Sepanek,* No. 12-cv-65, 2013 WL 323947, at *2-3 (E.D. Ky. Jan. 28, 2013) (habeas petition was premature until completion of rehearing and exhaustion of administrative challenge in the event that inmate's good conduct credits were again forfeited).

At this juncture, Decker is no longer subject to the outcome of the original, allegedly flawed, disciplinary hearing which prompted the instant Petition. His claims of constitutional violations in that proceeding are therefore moot. The 57 days of good conduct credit have been restored, thus he has received that portion of the relief sought in this action. Decker also requested the Court to vacate his incident report. Respondent represents that Incident Report Number 2940591 no longer appears on Decker's disciplinary record, pursuant to the BOP's action. The Court therefore concludes that it cannot give Decker any effective relief.

The Court recognizes that the disciplinary matter is being scheduled for rehearing with a new Discipline Hearing Officer ("DHO"), at which Decker should be afforded the protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). Before the rehearing, Decker should be given

notice of the basis for the charges, and he should have the opportunity for staff representation and examination of the evidence against him, to present his defense, and to call witnesses. The rehearing may result in a finding that Decker is not guilty, or he may face some disciplinary sanction. If punishment is imposed, Decker will have the opportunity to challenge any adverse outcome through the administrative remedy procedures, and potentially to bring another habeas action in the appropriate federal court after exhausting administrative remedies. It does not appear that Decker will be prejudiced by the length of time it will take to obtain any future judicial review, as he is not scheduled for release until January 2027. (Doc. 44, p. 3). At this time, any constitutional claim that Decker might assert regarding the upcoming rehearing is premature, and the case does not present a "live case or controversy."

## DISPOSITION

For the reasons set forth above, Respondent's Motion to Dismiss Habeas Petition as Moot (Doc. 44) is **GRANTED**. This habeas corpus action is **DISMISSED without prejudice** as moot, and all pending motions are **TERMINATED as moot**.

The Clerk of Court is **DIRECTED** to enter judgment in accordance with this order.

If Decker wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Decker plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Decker does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v.*

*Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Decker to obtain a certificate of appealability from this disposition of his Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:  September 9, 2019**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**